### L. O. Schmidt & Co. *v.* Thomas P. Larder, et al.

**Mortgage of Personalty in the Possession of a Bailee—Delivery of Possession.**

A sale of personal property left in the possession of the seller or his bailee after sale, is fraudulent as to creditors; but where the bailee, at the instance of the seller, delivers the property to the purchaser, or agrees to hold the same for the vendee, it is an actual delivery and is not a sale fraudulent as against creditors.

#### APPEAL FROM MADISON CIRCUIT COURT.

March 13, 1875.

Opinion by Judge Pryor:

The whiskey in controversy was in the actual possession of the bailee of Larder when the mortgage to the appellee was executed. It might be regarded that such a possession was not decisive as to creditors, and the case not within the doctrine of constructive fraud, the possession being with the bailee and not with the actual owner. It is not necessary to determine this question. The bailee of Larder had the actual possession. He was holding the whiskey for Larder; and on the day the mortgage was executed, the evidence shows that the actual possession was delivered to the appellee. The whiskey was in the cellar of McKee, the bailee. Larder, the appellee, and others were in the cellar examining the whiskey or to see that it was there, when the bailee, by the consent of Larder, and at the instance of the appellee, agreed to take charge of the

28

whiskey and hold it for the latter. McKee then became the bailee of the appellee, and his possession, that was actual, was the possession of the appellee.

If the whiskey had been on the premises of Larder and in his possession, a mere declaration by the parties that the whiskey was appellees' and in his possession would not suffice. In such a case there must be an actual delivery, a taking away, for if left in the actual possession of the vendor after sale, it is fraudulent as to creditors. If, however, the whiskey or property is in the actual possession of a third party as bailee, and a sale is made, the bailee agreeing to hold for the vendee, it is an actual delivery and change of possession. The vendee may not desire to remove it. The property passes to him by the purchase, and the actual possession is not in the owner but in a third party. It cannot, then, be said that the possession is in the vendor. Judgment *affirmed*.

*J. W. Caperton, for appellant.*
*W. B. Smith, for appellees.*